IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA

    Plaintiff,

  vs.                                                              Case No. 1:22-cr-00373 KWR

MARTIN DONALD STUMPF,

    Defendant.

### ORDER DENYING DEFENDANT'S APPEAL OF DETENTION ORDER

THIS MATTER is before the Court on the Defendant's Motion for Revocation of Detention Order under 18 U.S.C. § 3145(b) **(Doc. 25)**. This matter is fully briefed pursuant to local rules. D.N.M.LR.-Cr. 47.8. The Court, having reviewed the parties' pleadings and considered the applicable law, concludes that a hearing is not necessary to resolve the issues presented. *United States v. Oaks*, 793 F. App'x 744, 747 (10th Cir. 2019) (explaining that the court may hold a hearing under § 3145, but that a hearing is not required). Having conducted a *de novo* review of the record in this case, including but not limited to the transcript of the detention hearing, pretrial services' report and recommendation, and the parties' pleadings, the Court finds that the Defendant's Motion is not well taken and, therefore, is **DENIED.**

### BACKGROUND

Defendant is charged with being a prohibited person in possession of a firearm, in violation of 18 U.S.C. §§ 924(g)(1).

The pretrial services report recommended that he be detained. **Doc. 10.** It noted there was a risk of nonappearance for the following reasons:

- Offense charged and/or Defendant's conduct during arrest for instant offense;

- Lack of familial, residential ,community, employment, property, and financial ties;

- Substance abuse history;

- Criminal history including record of failure to appear;

- Criminal activity while under supervision; and

- Pretrial, probation, parole or supervised release status and compliance.

The pretrial services report also noted that defendant poses a risk of danger to the community for the following reasons:

- Nature of instant offense;

- Prior arrests and convictions;

- Pretrial, probation, parole, or supervised release status and compliance;

- Violent behavior history

- Criminal activity while under supervision; and

- History/charge involving violence/domestic violence.

The pretrial services report noted an extensive criminal history, including convictions, arrests, or charges for (1) battery against a household member; (2) multiple counts of possession of controlled substances; (3) possession of a firearm by a felon;(4) receiving or transferring a stolen motor vehicle; (5) trafficking controlled substances; (6) embezzlement; (7) forgery; (8) burglary; (9) intentional abuse of a child; (10) multiple counts of aggravated fleeing a law enforcement officer; (11) aggravated battery upon a peace officer; (12) multiple counts of unlawful taking of a motor vehicle; and (13) aggravated battery resulting in great bodily harm of a household member.

According to the pretrial services report, Defendant also failed to appear, absconded from probation, and failed to comply with conditions of probation.

On February 24, 2022, Judge Briones held detention hearing and ordered Defendant detained pending trial.  He found by a preponderance of the evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required.  In his written order, he found that the following reasons supported detention: weight of the evidence against the defendant is strong; prior criminal history; participation in criminal activity while on probation, parole, or supervision; history of violence or use of weapons; history of alcohol or substance abuse; lack of stable employment; lack of significant community or family ties to this district; prior failure to appear in court as ordered; prior attempts to evade law enforcement; and prior violations of probation, parole, or supervised release.   **Doc. 14 at 2-3.**

## LEGAL STANDARD

Defendant moves to revoke the detention order under 18 U.S.C. § 3145(b).  "A defendant may be detained pending trial if a judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." *United States v. Mobley*, 720 F. App'x 441, 443–44 (10th Cir. 2017), *citing* 18 U.S.C. § 3142(e)(1).  "The government bears the burden of proving risk of flight by a preponderance of the evidence and dangerousness to any other person or the community by clear and convincing evidence." *Mobley*, 720 F. App'x at 443-44 (internal citations omitted), *citing United States v. Cisneros,* 328 F.3d 610, 615 (10th Cir. 2003).

Under § 3142(g), the court must consider four factors as part of the evaluation: "(1) the nature and circumstances of the offense charged, including whether the offense ... involves a minor victim"; "(2) the weight of the evidence against the person"; (3) "the history and characteristics of

the person"; and (4) "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g).

A district judge may revoke a detention order under § 3145. The Court reviews the detention order *de novo*. *United States v. Cisneros*, 328 F.3d 610, 616 (10th Cir. 2003). Moreover, the Court may consider the evidence before the magistrate judge and may also consider new evidence presented by the parties. *Id.* at 617.

As to a motion to revoke a detention order, "[a] district court conducts a de novo review of [the] detention order, [] but there is no statutory requirement that the court hold a hearing." *United States v. Oaks*, 793 F. App'x 744, 747 (10th Cir. 2019) (citation omitted) *citing United States v. Cisneros*, 328 F.3d 610, 613 (10th Cir. 2003).

## DISCUSSION

Defendant moves to revoke the detention order under 18 U.S.C. § 3145(b) and asks that he be released to the La Pasada halfway house. The Court finds that release is inappropriate because the § 3142(g) factors weigh towards finding by a preponderance of the evidence that Defendant is a flight risk and by clear and convincing evidence that he is a danger to the community. Moreover, no proposed condition or combination of conditions can reasonably assure the safety of the community or Defendant's appearance.

**I.     Detention factors under § 3142(g) weigh toward detention.**

The § 3142(g) factors weigh in favor of detention and a finding that no combination of conditions could reasonably assure the safety of the community or Defendant's appearance.

**A.     Nature and Circumstances of Crime Charged.**

The nature and circumstances weigh heavily toward finding that Defendant is a flight risk and danger to the community.

4

Defendant was found by officers in a stolen vehicle at the time of his arrest, was driving erratically, and appeared to be trying to evade officers. **Doc. 30 at 7.** He also attempted to evade officers on foot. Defendant was found with ammunition and a firearm. These allegations suggest he is a flight risk and danger to the community.

Moreover, Defendant is charged with possession of a firearm by a convicted felon. Defendant faces up to ten years' imprisonment, or more if he is subject to the Armed Career Criminal Act.

The nature and circumstances of the offenses charged weigh heavily toward finding that Defendant is a flight risk and a danger to the community.

### B. Weight of the Evidence.

Based on the Government's allegations, the weight of the evidence appears to be strong. The Government represents there would be testimony that Defendant had ammunition on his person, and a firearm was recovered. The Government alleges that Defendant admitted to handling the firearm and ammunition, and also allegedly admitted that he is a convicted felon. Defendant's DNA was also allegedly found on the firearm.

The Court finds that the weight of the evidence appears to be strong, and this factor weighs in favor of finding that Defendant is a flight risk and a danger to the community.

### C. Defendant's history and characteristics.

The third factor is "the history and characteristics of the person." § 3142(g)(3). It includes the defendant's "character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings." § 3142(g)(3)(A).

Defendant has an extensive criminal history with multiple convictions, arrests, or charges. Moreover, the pretrial services report recites that he has failed to appear or comply with conditions of probation.

Defendant has lived in Albuquerque his entire life, and if released Defendant desires to get married to his fiancée and care for his ailing mother.

Overall, the Court finds this factor weighs in favor of detention.

### D. **Danger to Community.**

The Court must also consider "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g).

> the language referring to the safety of the community refers to the danger that the defendant might engage in criminal activity to the detriment of the community. The Committee intends that the concern about safety be given a broader construction than merely danger of harm involving physical violence....

S.Rep. at 12-13, 1984 U.S. Code Cong. & Adm. News, 3195, *cited in United States v. Bolivar*, No. 20-CR-717 WJ, 2020 WL 1912004, at *3 (D.N.M. Apr. 20, 2020); *see also United States v. Boy*, 322 Fed. Appx. 598, 600 (10th Cir. 2009) (The "concept of safety of the community under § 3142(e) is not limited to the danger of physical violence, but rather refers to the danger that the defendant might engage in criminal activity to the detriment of the community.").

Defendant has a lengthy criminal history with multiple criminal convictions, arrests, or charges. His criminal history includes violent crimes. However, the dangerousness inquiry is not confined to violent crimes, but to the danger that Defendant might engage in criminal activity to the detriment of the community. Moreover, he has failed to appear, or violated conditions of release or probation. Under these circumstances, Defendant's release would pose a danger to the community, and weighs in favor of detention.

### E. **Weighing of factors.**

Weighing these factors together, the Court finds by a preponderance of the evidence that Defendant is a flight risk and by clear and convincing evidence that he is a danger to the community.

### F. **Conditions of release will not reasonably assure safety of the community or Defendant's appearance as required.**

Generally, a defendant must be released pending trial unless a judicial officer finds "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." *United States v. Begay,* 315 Fed.Appx. 53, 54 (10th Cir. 2009).

Defendant suggests release to La Pasada halfway house. He generally asserts that supervision by pretrial services along with the halfway house's rules would be adequate, but he does not suggest what those conditions would be. Defendant has a history of violating probation or conditions of release and absconding. The Court finds Defendant's proposed conditions of release inadequate.

For the reasons stated above, the Court finds that no condition or combination of conditions will reasonably assure the appearance of the Defendant as required and the safety of any other person and the community.

## **CONCLUSION**

Weighing the § 3142(g) factors, the Court concludes that Defendant is a danger to the community by clear and convincing evidence, and that no conditions of release will reasonably assure the safety the of the community. Moreover, the Court finds by a preponderance of the

evidence that Defendant is a flight risk and no combination of conditions will reasonably assure his appearance.

      **IT IS THEREFORE ORDERED** that Defendant's Motion for Revocation of Detention Order **(Doc. 25)** is hereby **DENIED.**

_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE